# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK ALLEN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GEORGE W. HILL** | : | |
| **CORRECTIONAL PRISON** | : | **NO. 19-848** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                **April 2, 2019**

*Pro se* plaintiff Patrick Allen has filed this civil action pursuant to 42 U.S.C. § 1983 against the "George W. Hill Correctional Prison" (referencing the George W. Hill Correctional Facility ("GWHCF")), raising claims regarding conditions of confinement during his recent incarceration there. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, we shall grant Allen leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## FACTS

From a liberal reading of Allen's complaint, it appears he was incarcerated at the GWHCF from April 14, 2018 through June 28, 2018, from August 3, 2018 through October 1, 2018, and from November 2, 2018 through February 8, 2019.[1] He alleges that during each period of incarceration, he "had to sleep in a boat on the floor near the [toilet]" and that "three men including [himself] were assigned to one cell."[2] Allen asks the Court "to

---

[1] Compl. at 5. We use the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] *Id.*

correct this unjust an[d] inhumane behavior" and he seeks damages for each period of incarceration.³

## STANDARD OF REVIEW

Because it appears that he is not capable of paying the fees to commence this civil action, Allen will be granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Allen is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the deprivation of a constitutional right and that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because he does not name a person as a state actor, Allen's complaint fails to state a claim for relief at this time. Thus, it must be dismissed.

---

³ *Id.* at 6.

2

*Discussion of the Named Defendant*

Allen has named the GWHCF as the defendant. His claims against the GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Thus, the complaint will be dismissed.

Even if Allen had named a proper defendant, his claims would fail. His compliant doe not state a cause of action for violation of a constitutional right. Allen takes issue with various conditions at the GWHCF. He complains that he was assigned to a cell with two other men and had to sleep in a boat on the floor near the toilet. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. The Due Process Clause of the Fourteenth Amendment applies to claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) *(Hubbard I)*. Because Allen's status during his incarceration is not clear from the Complaint, we analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must show that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

To make out a claim for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, we consider the totality of the circumstances. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) *(Hubbard II)*; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Allen takes issue with the fact that he was assigned to a cell with two other men and was forced to sleep in a boat on the floor near the toilet. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard II*, 538 F.3d at 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Allen has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth

4

Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *see also Walker v. George W. Hill Corr.*, Civ. A. No. 18-CV-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Thus, Allen's complaint fails to state a claim with respect to his overcrowding allegations.

## CONCLUSION

Because Allen has failed to state a cause of action, we shall dismiss his complaint without prejudice to his right to file an amended complaint within thirty (30) days if he can cure the defects noted above.

/s/TIMOTHY J. SAVAGE